GRAYSON v. ST. PAUL MERCURY INDEMNITY CO.

Civ. 2804.

United States District Court
E. D. Oklahoma.

June 27, 1951.

Pierce & Pierce and A. L. Brook, all of Muskogee, Okl., for the plaintiff.

Butler, Rinehart & Morrison, Oklahoma City, Okl., for the defendant.

WALLACE, District Judge.

Findings of Fact

I.

Plaintiff, Lou Grayson, is the surviving widow of Roscoe Grayson, deceased. No administration proceedings have been instituted for the estate of the deceased and no personal representative has been appointed. Charles Roy Grayson and Bobby Wayne Grayson, minors, are the sole surviving children of the deceased. The plaintiff is a resident of Oklahoma.

Defendant, St. Paul Mercury Indemnity Company, is a Delaware corporation, duly authorized and licensed to do business in the State of Oklahoma.

The amount in controversy is in excess of $3,000, exclusive of interests and costs.

## II.

The deceased, Roscoe Grayson, was an employee of Rose Lawn Dairy of Muskogee, Oklahoma. During the course of his employment, he was involved in an automobile accident in Texas which caused his death.

His death was not the result of any negligence on the part of Rose Lawn Dairy. It has not been sued as a result of the death of the deceased, and the parties agree that the Rose Lawn Dairy is not legally liable, either at common law or under the Workmen's Compensation laws in effect in the States of Oklahoma or Texas.

## III.

At the time of the death of Roscoe Grayson, his employer had in full force and effect a contract of indemnity and insurance with the defendant. The contract of insurance gave the usual coverage to Rose Lawn, in compliance with the Workmen's Compensation Law of the State of Oklahoma, 85 O.S.1941 § 1 et seq. In addition, the contract had what was termed an "Emergency Coverage Endorsement". This endorsement, in part, provides:

"Whereas, the Employer insured by the undermentioned policy may undertake anywhere in the United States of America work which comes within the scope of classifications which appear in Item 3 of the Declarations of the said policy, and

"Whereas, the Employer hereby agrees to notify the Company promptly of such work undertaken in states not specifically mentioned in the said policy (which notification shall set forth the exact nature of the work, the place where it is to be done, and the estimated payroll or remuneration to be expended in connection therewith) in order that the Company may provide specific insurance in respect to such work by the attachment of endorsements to the policy or by the issuance of such policies of insurance as may be necessary to conform to the laws and requirements of the respective states, and in accordance with rules and regulations locally applicable to such policies of insurance.

"Now, therefore, it is understood and agreed that the said policy is hereby extended for the purpose of providing insurance in any state of the said United States in which a Workmen's Compensation Law is in effect except the States of Arizona, Connecticut, Delaware, Idaho, Maine, Massachusetts, New Hampshire, Nevada, North Dakota, Ohio, Oregon, Rhode Island, Vermont, Washington, West Virginia, and Wyoming in respect of

"(1) The liability of the Employer under the Workmen's Compensation Law in effect in the State where the work is to be done.

"(2) The liability of the Employer for damages in respect of bodily injuries or death sustained by the employees of the Employer while engaged in such work.

"In consideration hereof, the Employer agrees to keep a separate account of remuneration expended in each state in which such work is done, and shall pay to the Company a premium with respect to such work calculated at the insurance rates in effect on the date on which such work was commenced.

"It is further understood and agreed that in the event of failure of the Employer to notify the Company as required by this second paragraph of this endorsement, the liability of the Company with respect to claims for damages made by the employees against the Employer shall be limited to the benefits prescribed by the Workmen's Compensation Law of the state in which injury or death was sustained, and such benefits shall be payable only when it has been established that they would have been payable if the Employer and the employee had been subject to the Workmen's Compensation Law of that state.

"It is further agreed that in the event of any employee being entitled to and electing to sue the Employer under common law the Company agrees to defend and pay any such suit in accordance with the terms of this policy, provided however that as respects the Company's limit of liability for one person killed or injured shall be Five Thousand and 00/100 Dollars ($5,000.00) subject to that limit

the Company's total limit of liability for more than one person killed or injured in any one accident shall be Ten Thousand and 00/100 ($10,000.00)."

\* \* \* \* \* \*

## IV.

The parties to this action stipulated that Rose Lawn had fully complied with the terms of paragraph two of the endorsement; and the wages of the deceased, among others, were used as a basis in computing the aggregate premium paid by Rose Lawn to defendant as required by the terms of the special endorsement.

## V.

Neither the deceased nor the Rose Lawn Dairy subscribed to or come within the jurisdiction of the Workmen's Compensation Act of Texas, Vernon's Ann.Civ.St. Art. 8306 et seq.; however it is agreed that the total benefits payable to the surviving widow under similar circumstances by the Workmen's Compensation laws of Texas would be $9,000.

## Conclusions of Law

### I.

The Court has jurisdiction over the parties and subject matter of this action.

### II.

■ The mutual intention of the contracting parties, as it existed at the time of contracting, governs the interpretation of a contract.

### III.

■ Effect should be given to all parts of the contract, and seemingly conflicting clauses should be reconciled, whenever practicable, with the general intent and purpose of the contract.

### IV.

■ If uncertainty as to the intention of the parties exists as a result of the language of the contract, it should be construed most strongly against the party who wrote the contract.

## V.

■ In the instant case, it is the opinion of the court that the parties to the insurance contract by the "Emergency Coverage Endorsement" mutually intended to create a third party beneficiary contract for the benefit of the employees of the assured injured or killed in the course of their employment outside the jurisdiction of Oklahoma's compensation laws. This insurance coverage for the benefit of the employees was in addition to the coverage granted the named assured for common law liability or to comply with Workmen's Compensation statutory requirements of other states wherein Rose Lawn Dairy operated.

## VI.

■ The parties did not intend to limit the liability of the insurer for injuries or death only if the insured was liable, because the parties specifically provided that the liability of the insurer would be so limited if only the insured failed to notify the insurer of the nature of the work being done and the estimated payroll or remuneration, and the parties stipulated such requirements were complied with.

■ Nor does the language of the special endorsement warrant a conclusion that the obligation of the insurer was limited to indemnify the insured for injuries or death resulting from common law negligence of the insured.

## VII.

■ The court further concludes that the parties to the contract intended that the Workmen's Compensation laws of the state wherein the injury or death occurred would govern the amount of recovery.

In this action it is agreed that by Texas compensation laws, the death benefits to the widow and surviving children would be $9,000.

■ The clause in the "Emergency Coverage Endorsement" limiting the liability of the insurer to $5,000 for one person killed or injured is applicable only as to the liability of the insured for common law negligence.

## VIII.

■ It is the judgment of the court the plaintiff is entitled to recover from the defendant $9,000 and costs of this action.

## IX.

Counsel are directed to submit a judgment order in conformity with these findings of fact and conclusions of law within ten days from this date.